No. 681, October Term, 1939. RAILROAD COMMISSION OF TEXAS ET AL. *v.* ROWAN & NICHOLS OIL Co. October 21, 1940.

It is ordered that the following sentence on page 4 of the opinion handed down June 3, 1940, 310 U. S. 580, be stricken from the opinion:

"Except where the jurisdiction rests, as it does not here, on diversity of citizenship, the only question open to a federal tribunal is whether the state action complained of has transgressed whatever restrictions the vague contours of the Due Process Clause may place upon the exercise of the state's regulatory power."

It is further ordered that the following paragraph be added at the close of the opinion:

"While the presence of a federal question may also open up state issues, *Siler* v. *Louisville & Nashville R. Co.*, 213 U. S. 175, the claim here founded on Texas law is derived from a statute requiring proration on a 'reasonable basis.' Vernon's Texas Annotated Civil Statutes (1925), art. 6049c, § 7. The Texas decisions, insofar as they have been brought to our attention, do not make clear whether the local courts may exercise an independent judgment on what is 'reasonable.' Compare *Brown* v. *Humble Oil & Refining Co.*, 126 Tex. 296, 316; 83 S. W. 2d 935; 87 S. W. 2d 1069. But, in any event, as we read the Texas cases, the standard of 'reasonable basis' under the statute opens up the same range of inquiry as the respondent in effect asserted to exist in his claims under the Due Process Clause. These latter claims we have found untenable. What ought not to be done by the federal courts when the Due Process Clause is invoked ought not to be attempted by these courts under the guise of enforcing a state statute. Whether the respondent may still have a remedy in the state courts is for the Texas courts to determine, and is not foreclosed by the denial, on the grounds we have indicated, of the extraordinary relief of an injunction in the federal courts."

The motion for leave to present oral argument is denied.

The petition for rehearing is denied.