SELBY OIL & GAS CO. et al. v. RAILROAD COMMISSION OF TEXAS et al.

No. 9729.

Circuit Court of Appeals, Fifth Circuit.

May 13, 1942.

Rehearing Denied June 30, 1942.

Dan Moody, of Austin, Tex., and E. R. Hastings, of Tulsa, Okl., for appellants.

Gerald C. Mann, Geo. W. Barcus, James P. Hart, James D. Smullen, and Ed Roy Simmons, all of Austin, Tex., and W. Edward Lee, of Tyler, Tex., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Exhibiting the requisite diversity, and brought in the appropriate court, the United States District Court of Travis County, Texas, to hold invalid and cancel an order granting a drilling permit and to enjoin all action under it, the suit presented two claims for relief each resting on a distinct jurisdictional basis. In one of these, a claim that the order deprived plaintiffs of their property without due process of law, in violation of the Fourteenth Amendment to the Federal Constitution, the jurisdiction was rested on the existence of a federal question. In the other, a statutory suit, under Section 8, Art. 6049c, Vernon's Texas Annotated Civil Statutes, the jurisdiction was rested on diversity of citizenship.[1] In the constitutional suit, it was claimed that the order [2] of the commission was invalid and the result of its granting would be to deprive plaintiffs of their property without due process of law. In the statutory suit, the claim was that the conclusion, that the granting of the exception was necessary to prevent confiscation of permittee's property, was not supported by substantial evidence[3] and the order was therefore invalid under the statute. The defenses were, a denial as to the constitutional claim that the grant of the permit was violative of the due process clause, and as to the statutory claim that it was invalid under the statute, and an affirmative plea that the order granting a permit for a second well on the tract, as necessary to prevent the confiscation of property, was supported by substantial evidence.

Plaintiffs' evidence included testimony upon the constitutional claim that permittee, by the drilling of the second well allowed under the permit, would have a production and drainage advantage over each and every lease surrounding it, and upon the statutory claim that permittee was not suffering any drainage or damage which would prevent it from recovering all the oil then under the lease and therefore the grant of the permit was not necessary to prevent confiscation of permittee's property. At its conclusion defendants offered no evidence but moved for judgment and the colloquy following ensued. The Court: "My understanding is that the State Courts have, in many instances, granted injunctions of this character. However, what are you going to do with the decision of the Supreme Court in this Rowan & Nichols case in which they practically tell this Court not to substitute its judgment for that of the Commission any more?" Mr. Moody for plain-

[1] Reagan v. Farmers' Loan & Trust Company, 154 U.S. 362, 14 S.Ct. 1047, 38 L.Ed. 1014; MacMillan v. Railroad Commission of Texas, D.C., 51 F.2d 400; Gulf Land Co. v. Atlantic Refining Co., 5 Cir., 113 F.2d 902; Stanolind Oil & Gas Co. v. Ambrose, 5 Cir., 118 F. 2d 847; Sun Oil Co. v. Burford, 5 Cir., 124 F.2d 467.

[2] "Rule 37. #2 & 3, Jim Dickson, 3.- 85 acres Mary Cogswell Survey, Rusk County, Texas. Applicant: Hastings & Dodson, c/o John A. Storey, Vernon, Texas.

"The application of Hastings & Dodson for an exception under the provisions of Rule 37 coming on to be heard on the 26th day of April, 1939, by the Railroad Commission of Texas, and it appearing that the petition shows good cause; that no injustice will be done by the granting of such exception and that same should be granted to prevent confiscation of property;

"Now, Therefore, it is Ordered that the application of Hastings & Dodson for an exception under the provisions of Rule 37 and a permit to drill well No. 2, Jim Dickson lease containing 3.85 acres of land out of the Mary Cogswell Survey in Rusk County, Texas, as shown by plat submitted, is hereby approved and applicant is granted permission to drill well No. 2, to be spaced as follows:

#2—150 feet east of the west lines; 130 feet southwest of well No. 1.

"It is Further Ordered that well No. 3 is hereby denied."

[3] 35 Tex.Jur. 712; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73; Richey v. Shell Petroleum Corp., Tex.Civ.App., 128 S.W.2d 898; Railroad Commission v. Shell Oil Co., Tex.Sup., March 11, 1942, 161 S.W.2d 1022.

tiff: "I am going to try to get them to reverse that on a motion for rehearing, your Honor." The Court: "Here is a matter that is confined to the discretion of the commission; they are supposed to conserve the natural resources of the state, and they have the discretion under the law as to the granting of permits for the drilling of oil wells. They conclude that this tract should have another well on it. I don't see how I can, under that decision, substitute my judgment and discretion for theirs and restrain them by injunction. I think the order should be denied." Mr. Moody: "Very well, your Honor." The Court: "You prepare the order." Mr. Lee for defendants: "Yes, sir." On July 18, 1940, there was a judgment, denying plaintiffs the relief they sued for, and they appealed.

In Sun Oil Company v. Burford, 5 Cir., 124 F.2d 467, in which as here, there were two claims, one that there had been a denial of due process, the jurisdiction based upon the presence of a federal question, the other, a suit under the statute, the jurisdiction based on diversity of citizenship, this court on December 29, 1941, purported to find[4] and follow in the Rowan & Nichols cases (Railroad Commission v. Rowan & Nichols Oil Co.), 310 U.S. 573, 580, 60 S.Ct. 1021, 84 L.Ed. 1368, 311 U.S. 570, 577, 61 S.Ct. 343, 85 L.Ed. 358, and 311 U.S. 614, 61 S.Ct. 66, 85 L.Ed. 390, cases dealing not with an exception to Rule 37 but with general proration orders, a dictum confining the federal courts, not only in cases where the jurisdiction was, as in Rowan's case, rested solely on a federal question but in cases where there was diversity jurisdiction, to a consideration of violations of the federal constitution, and prohibiting the federal court of Travis County from entertaining the jurisdiction conferred upon the courts of Travis County by the Texas statute.[5]

■ Because of the decision of our court in the Burford case rendered since the appeal was taken, appellees insist here

that the appeal must be determined not as an appeal from the order on the statutory action, but simply and entirely as an appeal from the claim asserted on constitutional grounds. Appellants, on their part, urge: that the Burford case was, in that respect, wrongly decided; that the Supreme Court in the Rowan & Nichols case, where there was no diversity, jurisdiction being based entirely on a federal question, did not determine, it could not have determined that the Federal District Court of Travis County was without jurisdiction where there was the requisite diversity to hear and grant relief in a suit brought under the Texas statute. We agree with appellants. In Magnolia Petroleum Co. v. Blankenship, 5 Cir., 85 F.2d 553, 557, and again in Gulf Land Co. v. Atlantic Refining Co., 5 Cir., 113 F.2d 902, we clearly pointed out the distinction between the Texas statutory suit and a suit for equitable relief on federal constitutional grounds.

■ In the first Rowan case, 310 U.S. page 580, 61 S.Ct. page 66, 84 L.Ed. 1368, the court said: "*Except where the jurisdiction rests, as it does not here, on diversity of citizenship,* the only question open to a federal tribunal is whether the state action complained of has transgressed whatever restrictions the vague contours of the Due Process Clause may place upon the exercise of the state's regulatory power." (Italics supplied.) Thus, when in denying the motion for rehearing, in that case, it declared, 311 U.S. at page 577, 61 S.Ct. at page 346, 85 L.Ed. 390: "The court below also erred in holding the order a violation of the Texas statute requiring proration on a 'reasonable basis'. * * * In denying the petition for rehearing in the earlier cases we held that whatever rights the state statute may afford are to be pursued in the state courts", the court was talking not about persons having the requisite diversity and suing under the statute but about Rowan and Nichols who were citizens of

---

[4] "However, in this matter of enforcing the conservation laws of a State with respect to its natural resources, the Supreme Court appears to have set a precedent and made a distinction in which, if not expressly, at least by implication, they have said all issues other than questions under the Federal Constitution should be relegated to the State court, as was found by the court below." 124 F. 2d page 469.

[5] This jurisdiction so conferred has been uniformly exercised in the federal

court for the Western District of Texas since 1894, when the Supreme Court of the United States in the Reagan Case, Note 1, supra, sustained a suit brought in the Travis County Division, Western District of Texas against the Railroad Commission of Texas, saying that that court was a court of competent jurisdiction in Travis County, Texas, and where there was the requisite diversity, plaintiff could maintain his suit against the commission there.

Texas and therefore must, if they brought the statutory action fixed by the statute to be brought in Travis County, bring it in the state court of that county. Further, the court said, 311 U.S. 614, 61 S.Ct. 66, "but, in any event, as we read the Texas cases, the standard of 'reasonable basis' under the statute opens up the same range of inquiry as the respondent in effect asserted to exist in his claims under the Due Process Clause. These latter claims we have found untenable. What ought not to be done by the federal courts when the Due Process Clause is invoked ought not to be attempted by these courts under the guise of enforcing a state statute", the court was not dealing with the state statutory suit to review the commission's order brought in the federal court of Travis County, under the authority of the Texas statute providing for such review. It was dealing with the claim of Rowan and Nichols, citizens of Texas, advanced in their suit for the extraordinary relief of injunction on the federal constitutional ground that the commission's order had violated the Texas statute requiring proration on a reasonable basis and not being in accordance with the statute had deprived them of due process. What is in question here in the statutory phase of the suit is a very different thing. This is, whether, under the rules established by the Texas courts, the order of the commission granting an exception to its Rule 37, to prevent confiscation, is supported by reasonable evidence. The Texas decisions are clear that whether the exception to the rule is granted for confiscation or for waste, a litigant in the statutory suit is entitled to have the independent judgment of the trial court based, not of course upon the evidence offered before the commission,—that is wholly immaterial—,but upon the evidence offered on the trial as to whether the order rests upon a reasonable basis, that is whether it is supported by substantial evidence.

 Under these authorities it was the duty of the trial court not only to determine whether plaintiffs in their constitutional suit showed confiscation in violation of the Fourteenth Amendment, but also to determine whether they had prevailed upon their claim in their statutory suit, that the order granting an exception to prevent confiscation was unsupported by substantial

evidence. It was its duty too, under Rule 52, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to make findings. "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon." By the course this case took below, plaintiffs and this court were deprived of the judgment of the trial judge on the facts, and they and we have been deprived of the benefit of his findings. Because this is so, this court will not undertake to determine the issues on their merits for itself, but will reverse the cause and remand it to the district court for a retrial and for further proceedings not inconsistent herewith.

McCORD, Circuit Judge (dissenting).

I have no quarrel with the opinion of my brothers in this case. In a clear and logical manner the opinion succinctly states the law as I think it should be applied in cases of this kind where jurisdiction of the federal court is invoked by reason of the diversity of citizenship of the parties. However, the language and implication of the Supreme Court opinions in the Rowan & Nichols case have given rise to no little doubt and confusion as to the proper method of disposing of cases involving the conservation laws of a state. In Sun Oil Company v. Burford, 5 Cir., 124 F.2d 467, 469, a conservation case involving an order of the Railroad Commission of Texas, jurisdiction was alleged to exist both because of diversity of citizenship and the presence of a federal question. In disposing of the case this court, in an opinion by Judge Dawkins, said that "in this matter of enforcing the conservation laws of a State with respect to its natural resources, the Supreme Court appears to have set a precedent and made a distinction in which, if not expressly, at least by implication, they have said all issues other than questions under the Federal Constitution should be relegated to the State court, as was found by the court below." I think that this recent opinion in the Sun Oil Company case should be adhered to, and that we should not change face and position until the Supreme Court has considered the point and finally clarified the issue.

I respectfully dissent.