**SUN OIL CO. et al. v. BURFORD et al.**

No. 9962.

Circuit Court of Appeals, Fifth Circuit.

July 11, 1942.

Rehearing Denied Aug. 12, 1942.

For former opinion, see 124 F.2d 467.

J. B. Robertson and J. A. Rauhut, both of Austin, Tex., and T. L. Foster and Martin A. Row, both of Dallas, Tex., for appellants.

James P. Hart, Ed. Roy Simmons, and F. L. Kuykendall, all of Austin, Tex., for appellees.

Before HOLMES and McCORD, Circuit Judges, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

■ Our rules do not contemplate a second petition for rehearing,[1] but this one was allowed to be filed because of an alleged conflict within the circuit of de-

cisions rendered by this court at this term.[2] Although the mandate in this case has been sent down, there is no reason why it may not be recalled by the court during the same term to prevent injustice.[3]

■■ In opposition to our recalling the mandate and considering a second petition for rehearing, the appellees have cited four decisions of the Supreme Court, some of which contain language indicating that we do not have the power to do so.[4] A careful examination of these cases reveals that in none of them was the effort to have the mandate recalled, or a second petition for rehearing considered, brought up at the same term of the court. This is a vital distinction, because it is the general rule that courts have full control over their orders and judgments during the term at which they were rendered, with certain exceptions, none of which are applicable here. Henderson v. Carbondale Coal & Coke Co., 140 U.S. 25, 40, 11 S.Ct. 691, 35 L.Ed. 332. Therefore, to avoid injustice to any one from a conflict in our decisions, we have ordered the mandate recalled, and shall proceed to a consideration of the second petition for a rehearing on its merits.

The decision in this case was rendered on December 29, 1941. The case of Selby Oil and Gas Company v. Railroad Commission of Texas, supra, was decided by this court on May 13, 1942. In the meantime, the Supreme Court of Texas held that the courts of that state might exercise an independent judgment upon the validity of oil-proration orders of the Railroad Commission of Texas. In these circumstances, in order to make sure than even handed justice will be done in both cases, we have determined to grant a rehearing in this one, and to remand it for retrial in the court that is to retry the Selby case. In so doing, we deem it necessary to restate the governing law of the case, as follows:

■ When a federal court has jurisdiction of a controversy on the ground of diversity of citizenship, it has the power to decide all issues arising therein under the laws of any state in accordance with

[1] City of Stuart v. Green, 5 Cir., 91 F.2d 603, 605, 113 A.L.R. 560.

[2] Sun Oil Co. v. Burford, 5 Cir., 124 F. 2d 467; Selby Oil & Gas Co. v. Railroad Commission, 5 Cir., 128 F.2d 334.

[3] Rule 32 of Rules of United States Circuit Court of Appeals for the Fifth Circuit; Thomsen v. Cayser, 243 U.S. 66,

37 S.Ct. 353, 61 L.Ed. 597, Ann.Cas. 1917D, 322.

[4] Browder v. McArthur, 7 Wheat. 58, 5 L.Ed. 397; Sibbald v. United States, 12 Pet. 488, 9 L.Ed. 1167; Peck v. Sanderson, 18 How. 42, 15 L.Ed. 262; Williams v. Conger, 131 U.S. 390, 9 S.Ct. 793, 33 L.Ed. 201.

the statutes and decisions of that state; the same rule obtains where federal jurisdiction attaches solely by reason of a federal question.

In Railroad Commission of Texas et al. v. Rowan & Nichols Oil Co., 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368; Id., 311 U.S. 570, 61 S.Ct. 343, 85 L.Ed. 358; Id., 311 U.S. 614, 61 S.Ct. 66, 85 L.Ed. 390 (followed by this court in our opinion reported in 124 F.2d 467), the Supreme Court did not either abrogate or engraft an exception upon the well-settled doctrine that when a federal court once properly takes equitable jurisdiction of a controversy on any ground it may decide all questions of law and fact necessary for a complete disposition of the case. In denying the motion for a rehearing (311 U.S. 614, 61 S.Ct. 66, 85 L.Ed. 390), the Supreme Court withdrew its first statement announcing a contrary doctrine except where jurisdiction rests upon diversity of citizenship.

The Rowan & Nichols decisions, supra, are determinative of the federal rule in equity now applicable in suits for injunctive relief against orders of the Texas Railroad Commission so far as attack thereon is based on the "vague contours of the due-process clause" of the Fourteenth Amendment. What was done in those cases, as was pointed out in the dissenting opinions therein,[5] was radically to change the application of equitable principles in suits to enjoin administrative regulations under the conservation laws of a state.

The gist of the law on the subject, as presently understood, is that in promulgating such regulations the State Commission is performing delegated legislative functions, and the federal courts should not substitute their judgment for that of the Commission with respect to what is wise and fair in the economy of the state. At the same time the federal court, if it has jurisdiction, may enjoin the enforcement of a void order in a suit by any one injuriously affected by it. If the order is not arbitrary, but rests upon a reasonable basis in fact, it is not violative of the Fourteenth Amendment; if valid under said amendment, it may be invalid under local law, in which case the federal court should not decline to strike it down; but, if the local law is doubtful, the federal court should stay its hand until the matter has been decided by the state court.[6]

When the Rowan & Nichols cases were decided, the Texas law did not clearly appear from state decisions. Recently, however, in Railroad Commission et al. v. Shell Oil Co., Inc., et al., 161 S.W.2d 1022, decided March 11, 1942, the Supreme Court of Texas has spoken with authority upon the subject. We now know the legal requisites of orders and regulations of the Railroad Commission under the conservation laws of Texas. They are governed by the same principles of construction as are generally applied in construing state statutes. They must contain a guide or standard applicable alike to all individuals similarly situated, so that any one interested may determine his own rights or exemptions thereunder. The administrative agency may not exercise an unbridled discretion to enforce them against some and to refuse to enforce them against others. Even though fair on its face, if an order or regulation is administered with an evil eye and an unequal hand, it is invalid.

The Texas Railroad Commission did not exhaust its authority under the conservation laws by adopting the general provisions of Rule 37. It may change that rule or make exceptions to it, but it may not provide one rule for a specific person or class and a different rule for another person or class, unless there is some reasonable factual basis for making the distinction. A reasonable margin for error of judgment must be allowed the Commission by the courts of Texas. The courts must respect the accepted demarcation between legislative and judicial power,[7] and may not trespass upon the legislative discretion of the Commission in de-

---

5 See dissenting opinion of Mr. Justice Roberts, concurred in by Chief Justice Hughes and Mr. Justice McReynolds, citing Thompson v. Consolidated Gas Utilities Corp., 300 U.S. 55, 57 S.Ct. 364, 81 L.Ed. 510.

6 Railroad Commission of Texas et al. v. Rowan & Nichols, 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368; Id., 311 U.S. 570, 61 S.Ct. 343, 85 L.Ed. 358; Id., 311 U.S. 614, 61 S.Ct. 66, 85 L.Ed. 390; Railroad Commission of Texas et al. v. Pullman Company et al., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971.

7 See Art. II, Sec. 1, of the Texas Constitution, Vernon's Ann.St., dividing the powers of government into the legislative, executive, and judicial, and providing that no person or collection of persons in one department shall exercise any power

termining the wisdom or reasonableness of any rule, order, or regulation. Whether the Commission heard evidence or not is immaterial; it is not required to take testimony or make findings of fact before promulgating its orders. Such procedure is foreign to the laws of Texas, although customary under federal statutes. If the facts in existence when the order was made, as later shown by evidence before the court, were such that reasonable minds could not have reached the conclusion arrived at by the Commission, or if the agency exceeded its power, then the order should be set aside by any court of competent jurisdiction. To determine the validity of the order, the question is not whether the agency actually heard evidence, but whether at the time such order was entered by the agency there then existed sufficient facts to justify the same.

■ Examining further the opinion of the Supreme Court of Texas in the above case, we find that the standard of reasonableness under the Texas law, set up for the Commission in determining the validity of its orders and regulations, is identical with that ordinarily used in de-

termining the validity of state statutes under the due-process clause of the Federal Constitution.[8] Thus, one of the cases relied upon by the Supreme Court of Texas is a decision interpreting the Fourteenth Amendment, decided by the United States Supreme Court, Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220.

This exemplifies the statement of Mr. Justice Frankfurter in Railroad Commission v. Rowan & Nichols Oil Co., 311 U.S. 614, 61 S.Ct. 66, 85 L.Ed. 390, that the standard of reasonable basis under the Texas statute opened up the same range of inquiry as was asserted under the due-process clause of the Fourteenth Amendment. Hence the crucial words of the opinion, which are not dictum but the very ratio decidendi of the case, that what ought not to be done by the federal courts when the due-process clause is invoked ought not to be attempted by them under the guise of enforcing a state statute.[9]

■ Mr. Justice Frankfurter was not discussing a question of federal jurisdiction. He was discussing the discretion of

---

properly attached to either of the others, except in the instances therein expressly permitted.

[8] "Since the Legislature has seen fit to vest the authority to exercise sound judgment and discretion in the particular matter in the administrative agency, courts will not undertake to usurp the powers committed to the agency, and to exercise the agency's judgment and discretion for it. For example, in contesting an order of a commissioners' court fixing a tax rate, or an order of a school board concerning the management of schools, the court will not put itself in the position of the administrative agency for the purpose of determining whether or not the action was wise. · * * *

"In Texas, in all trials contesting the validity of an order, rule, or regulation of an administrative agency, the trial is not for the purpose of determining whether the agency actually heard sufficient evidence to support its orders, but whether at the time such order was entered by the agency there then existed sufficient facts to justify the same. Whether the agency heard sufficient evidence is not material. In fact, the evidence heard by the agency is not per se admissible upon the trial in the district court. Whether it is admissible upon the trial in the district court must depend upon its own merits under

the general rules of evidence, and without regard to whether it had theretofore been introduced before the agency. Magnolia Petroleum Co. v. New Process Production Co., 129 Tex. 617, 104 S.W.2d 1106; Railroad Commission of Texas v. Magnolia Petroleum Co., 130 Tex. 484, 109 S. W.2d 967; Lone Star Gas Co. v. State of Texas, [137 Tex. 279] 153 S.W.2d 681." Railroad Commission, et al. v. Shell Oil Co., Inc., et al., Tex.Sup., 161 S.W.2d 1022, 1029, decided March 11, 1942.

[9] "But, in any event, as we read the Texas cases, the standard of reasonable basis' under the statute opens up the same range of inquiry as the respondent in effect asserted to exist in his claims under the Due Process Clause. These latter claims we have found untenable. What ought not to be done by the federal courts when the Due Process Clause is invoked ought not to be attempted by these courts under the guise of enforcing a state statute. Whether the respondent may still have a remedy in the state courts is for the Texas courts to determine, and is not foreclosed by the denial, on the grounds we have indicated, of the extraordinary relief of an injunction in the federal courts." Railroad Commission of Texas et al. v. Rowan & Nichols Oil Co., 311 U.S. 614, 61 S.Ct. 66, 85 L.Ed. 390. Later followed and cit-

a chancellor in a federal equity suit in cases where the court concededly has jurisdiction. The matter of the issuance of the extraordinary writ of injunction is, and historically has always been, one for the exercise of sound discretion.[10] We cannot emphasize too strongly that in none of these oil-proration cases did the Supreme Court refer to the question of federal jurisdiction. In none of them did it hold that the federal court did not have jurisdiction. We go further and say that in none of them did the court hold that federal equitable jurisdiction did not exist. What it did hold was that, although the federal court had jurisdiction and the case was one of an equitable nature, the facts were such that, in the exercise of its equity jurisdiction, the court was bound by equitable principles to deny the petition for the issuance of the extraordinary writ of injunction. Following the above decision, that is what the court below did in this case, at the same time expressly holding that it had jurisdiction.

■■■■ A federal court does not impugn its jurisdiction when in the exercise thereof it denies a discretionary writ. Especially is this true when a federal court exercises its equity jurisdiction in deciding that there has been no violation by state action of the Federal Constitution, and there remains a doubtful question of state law depending upon the construction of a state statute that ultimately can only be decided authoritatively by the state courts.[11] More especially is this true when, in these circumstances, a federal equity court withholds its discretionary writ because of economic and geological perplexities that

arose in a state in attempting to accommodate conflicting private interests in an oil field with due regard to its conservation policies; and still more is this true when a discretion afforded by equity jurisprudence is exercised as a matter of comity so as to avoid friction in state and federal relations under our dual form of state and national governments.

■■■■ We do not agree that this action contains two suits, a "constitutional suit", under the due-process clause, and a "statutory suit", under the civil statutes of Texas, as stated by this court in the majority opinion of May 13, 1942, supra. We have here only one suit. It is of an equitable nature, and is called a civil action under the Federal Rules of Civil Procedure. In it the plaintiff seeks to have the court declare void a regulatory order of a state agency and to enjoin the drilling of any oil well under it. This is the only relief sought. The alleged grounds of its invalidity are that it violates both the local law and the due-process clause of the Fourteenth Amendment. It is elementary that no court should decide a constitutional question unless its decision is necessary to the disposition of the case.

■■■ The uncertainty under the Texas decisions as to whether or not the local courts may exercise an independent judgment on what is reasonable under the Texas statute having been removed by the above-mentioned recent decision of the Supreme Court of Texas, we think, upon a retrial of this case, the District Court should first determine whether the order is in conformity to the laws and Constitution of the state.[12] If not, that ends the matter

---

ed in the second Rowan & Nichols case, 311 U.S. 570, 577, 61 S.Ct. 343, 85 L.Ed. 358.

[10] "This use of equitable powers is a contribution of the courts in furthering the harmonious relation between state and federal authority without the need of rigorous congressional restriction of those powers. Compare 37 Stat. 1013, 28 U.S. C.A. § 380; Judicial Code, § 24(1), as amended, 28 U.S.C. § 41(1), 28 U.S.C. A. § 41(1); 47 Stat. 70, 29 U.S.C. §§ 101–115, 29 U.S.C.A. §§ 101–115." Railroad Commission of Texas v. Pullman Company et al., 312 U.S. 496, 501, 61 S.Ct. 643, 645, 85 L.Ed. 971.

[11] "The history of equity jurisdiction is the history of regard for public consequences in employing the extraordinary remedy of the injunction. There have

been as many and as variegated applications of this supple principle as the situations that have brought it into play." Railroad Commission of Texas et al. v. Pullman Company et al., 312 U.S. 496, 500, 61 S.Ct. 643, 645, 85 L.Ed. 971.

[12] "If there was no warrant in state law for the Commission's assumption of authority there is an end of the litigation; the constitutional issue does not arise. The law of Texas appears to furnish easy and ample means for determining the Commission's authority. Article 6453 of the Texas Civil Statutes gives a review of such an order in the state courts. Or, if there are difficulties in the way of this procedure of which we have not been apprised, the issue of state law may be settled by appropriate action on the part of the State to enforce obedience

and renders unnecessary any determination under the Federal Constitution. If the order should be held valid under the local law, it would then be the duty of the court to pass upon any federal constitutional question presented, though it is difficult to see how the order could be held reasonable under the local statute and unreasonable under said due-process clause, or vice versa, since the standard of reasonableness is the same in each instance.

We have seen that the rule, order, or regulation is presumed to be valid under the law of Texas, and that the regulatory body is not required to hear testimony in support of it. Therefore, the question for the District Court in this case is not whether there was substantial evidence before the Commission to support the order, but (1) whether it is in legal form and valid on its face, and, if it is, (2) whether at the time of its promulgation there existed facts that warranted fair and reasonable minds in arriving at the conclusion that the order was proper and necessary to prevent the waste of public resources or confiscation of private property.

We should not overestimate the importance of the remedy provided by the state statute[13] for testing the validity of

the conservation laws of Texas and the rules, orders, or regulations promulgated thereunder. This statute confers jurisdiction on the courts of Texas; it does not extend the jurisdiction of the District Courts of the United States. The latter courts are given power to receive jurisdiction only by the Federal Constitution; this jurisdiction is conferred solely by the Congress of the United States. A state statute may create rights that the federal courts will enforce or protect; it cannot enlarge or restrict the equitable jurisdiction of the federal courts.[14] This was true of suits in equity even before the Federal Rules of Civil Procedure were adopted; and, now that the Conformity Act, 28 U.S.C.A. § 724, has been repealed or superseded by the new rules,[15] it is true of all civil actions in the federal courts except as otherwise provided by federal statutes or Federal Rules of Civil Procedure.[16] The merging of legal and equitable procedure in the new federal rules had no effect upon substantive legal rights, and the courts must still apply equitable principles to equitable rights and legal principles to legal rights.[17]

Section 8 of said statute, however, does illustrate that no purely judicial

---

to the order. Beal v. Missouri Pacific R. Co. [312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577], supra; Article 6476, Texas Civil Statutes. In the absence of any showing that these obvious methods for securing a definitive ruling in the state courts cannot be pursued with full protection of the constitutional claim, the district court should exercise its wise discretion by staying its hands. Compare Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876." Railroad Commission of Texas et al. v. Pullman Company, et al., 312 U.S. 496, 501, 61 S. Ct. 643, 645, 85 L.Ed. 971.

[13] Sec. 8, Art. 6049c, Vernon's Annotated Texas Civil Statutes, which is referred to by this court in the majority opinion of May 13, 1942, supra, as the basis of a "statutory suit" wherein "jurisdiction rested on diversity of citizenship" in contradistinction to what is called "the constitutional suit" under the due-process clause of the Fourteenth Amendment.

[14] Ex parte McNiel, 80 U.S. 236, 20 L. Ed. 624; Case of Broderick's Will, 21 Wall. 503, 88 U.S. 503, 22 L.Ed. 599; Reynolds v. Crawfordsville Bank, 112 U. S. 405, 410, 5 S.Ct. 213, 28 L.Ed. 733; Whitehead v. Shattuck, 138 U.S. 146, 11 S.Ct. 276, 34 L.Ed. 873; Scott v. Neely,

140 U.S. 106, 11 S.Ct. 712, 35 L.Ed. 358; Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 498, 43 S.Ct. 454, 67 L.Ed. 763; Dobie on Federal Procedure, page 662.

[15] Sibbach v. Wilson & Co., Inc., 312 U.S. 1, 655, 61 S.Ct. 422, 85 L.Ed. 479.

[16] Rule 82 provides: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." 28 U.S.C.A. following section 723c. As to particular remedies provided by state laws, see Rules 4(d) (2) (7), 64, and 69 of the Federal Rules of Civil Procedure. Cf. Act of June 1, 1874, c. 200, 18 Stat. 50, 28 U.S.C.A. § 728; Sections 722, 915, 919, and 933 of Revised Statutes of United States, 28 U.S.C.A. §§ 729, 726, 732, 746. In Moore's Federal Practice, Vol. 1, p. 210, it is said: "The Federal Rules of course establish an independent practice and procedure for all actions in the federal courts heretofore denominated legal and equitable, and therefore no state statute affecting practice and procedure will have effect in the federal courts, except in so far as the Rules themselves specifically adopt state statutory law."

[17] 48 Stat. 1064, 28 U.S.C.A. §§ 723b, 723c; Moore's Federal Practice, Vol. 1, pp. 208–213.

powers were conferred upon the Texas Railroad Commission by the conservation laws of Texas; and, as construed by the Texas Supreme Court, it shows that the courts of that state may exercise an independent judgment as to what is reasonable in preventing waste. Said Section 8 also conferred jurisdiction on the Texas courts to construe the conservation statutes of the state, which has been done by the highest court of that state in the above case.[18] So far as that decision deals with substantive rights under the statute,[19] it is binding on the federal courts; but it is wholly ineffective to control the discretion of a chancellor exercising federal equitable jurisdiction. In some instances this discretion is absolutely controlled by federal statutes restricting or prohibiting the granting of injunctive relief in specified cases, particularly in labor disputes, against the collection of taxes, and against state rate orders. Under Rule 2 of the Federal Rules of Civil Procedure there is but one civil action in lieu of procedures at law and in equity; substantive rights are not affected. Federal statutes and decisions determine when, under the facts, the extraordinary writ of injunction shall be granted by the federal courts.[20]

The judgment of this court herein, dated December 29, 1941, will be set aside, the judgment appealed from reversed, and this cause remanded to the District Court for further proceedings not inconsistent with this opinion.

McCORD, Circuit Judge (specially concurring).

The original opinion in which we affirmed the District Court in this case was handed down on December 29, 1941, and petition for rehearing was denied on February 2, 1942. Since that time the Supreme Court of Texas has clarified the questions of State law involved here. Railroad Commission et al. v. Shell Oil Co., Inc., et al., Tex.Sup., March 11, 1942, 161 S.W.2d 1022. Moreover in the case of Selby Oil & Gas Co. v. Railroad Commission, 5 Cir., 128 F.2d 334, in an opinion by Judge Hutcheson we rendered a decision which is in conflict with the opinion first handed down in this case. I very much doubt that we have the right after the lapse of such a great length of time, after the time allowed for filing petition for a writ of certiorari has expired, to reopen the case and grant a new trial as has been done here. If, however, this motion is timely and legally granted, the two cases can on a new trial be determined in conformity with the decision of the Supreme Court of Texas, and the conflict that now exists in our two opinions may be obliterated.

On Motion of Republic National Bank of Dallas for Leave to File Petition in Intervention in the Nature of a Petition for Rehearing.

HOLMES, Circuit Judge.

Less than a month after the first petition for rehearing in this case was denied, and the mandate sent down, the Republic National Bank of Dallas made a loan to A. O. Phillips secured by a deed of trust on some of the oil in place, the production from which is here in controversy. The bank now asks leave to intervene in this suit so that it may file a petition in the nature of a petition for rehearing, and obtain such relief as may be just. While it is incongruous to seek a rehearing on behalf of one who was not a party to any prior hearing, we have considered the bank's motion on its merits.

At the time the bank made its loan neither the term of court nor the time allowed to grant certiorari had expired, and it had no right to rely on the finality of our decision; but, if it did, it has not been prejudiced by the setting aside of our first, and the entry of our second, judgment. The affirmance merely upheld the judgment of the district court, wherein its jurisdiction had been sustained, the prayer for an injunction denied, and the plaintiffs relegated to the state courts upon all issues other than those under the federal constitution.

On appellants' second petition for rehearing, during the same term, we set aside the judgment of affirmance and remanded the entire cause to the district court for a new trial, merely restating at greater length

---

[18] Railroad Commission et al. v. Shell Oil Co., Inc., et al., Tex.Sup., 161 S.W. 2d 1022, decided March 11, 1942.

[19] State statutory authority to bring suit may be a substantive right that the federal courts will enforce if a case involving such right is within their jurisdiction. Broderick's Will, 21 Wall. 503, 22 L.Ed. 599; Richardson v. Green, 9 Cir., 61 F. 423, certiorari denied 159 U.S. 264, 15 S.Ct. 1042, 40 L.Ed. 142; Sawyer v. White, 8 Cir., 122 F. 223.

[20] 1 Moore's Federal Practice, pp. 202–208.

the law of the case. We withdrew no part of our former opinion except that part which relegated state issues to the state courts, and even that prior ruling was qualified, as follows: "Unless and until the court of last resort of the State has decided that an 'independent judgment' as to reasonableness should be exercised by the [state] courts."[1]

The supervening decision of the Supreme Court of Texas, holding that the state courts might exercise such independent judgment, made it necessary for us to hold in our second opinion that the federal courts might decide such issues arising under the laws of the state. This was for the reason that prior to that time we deemed the particular point unsettled by Texas decisions, and were in doubt as to the state law on the subject.[2]

When the bank made its loan, if it was relying on our judgment of affirmance, it was presumed to know that the judgment of the district court in this case left the plaintiffs free to pursue in the state courts whatever rights the state statutes afforded them.[3]

Without waiving their objections to the motion of the bank for leave to intervene, the appellants have filed a reply thereto, traversing some, and claiming to be without knowledge of other, parts thereof. We agree with appellants that, even if the bank owns the interest it claims to have acquired, it voluntarily took the same subject to the outcome of this suit, and was apparently satisfied to rely upon appellees to present any issues affecting the interest so acquired. The bank does not claim that appellees have no remaining interest, and does not seek to be substituted in place of any party. Comparison of the grounds for rehearing asserted by the bank shows that it has merely adopted the grounds asserted by the appellees.

No one may acquire a vested interest in a decision until the time has elapsed in which the court has jurisdiction to change it. To uphold appellees' contention would deprive this court of part of its jurisdiction, since, in granting the second petition for rehearing during the same term of court, we held that such jurisdiction existed to prevent an injustice.[4]

The effect of our first decision was to decide the federal constitutional question and relegate issues arising under state law to the state courts; our present decision remands those issues to the court below; and, since the case had to go back to the district court for retrial, we thought it best to let the trial be anew in its entirety. When the bank made its loan it did so with the knowledge that the state court might decide adversely to those interests to which it was advancing credit. The effect of granting the rehearing and remanding the case was to leave open upon their merits all issues presented by the pleadings. No one may acquire a property right to have a cause tried in the state court rather than in the federal court.

The motion of the bank for leave to file its petition is overruled.

McCORD, Circuit Judge (dissenting).

I concurred in the opinions elaborating upon the principles of law to be applied in federal courts in cases involving orders and regulations of the Texas Railroad Commission. Sun Oil Co. v. Burford, 5 Cir., 124 F.2d 467, and opinion on Appellants' Second Petition for Rehearing, July 11, 1942. However, in my special concurrence to the opinion of July 11, 1942, I expressed doubt that the court had the right to reopen the case and grant a new trial "after the lapse of such a great length of time, after the time allowed for filing petition for a writ of certiorari has expired." I reiterate the doubt there expressed. I am of opinion that appellants' second petition for rehearing came too late and should not have been granted.

I respectfully dissent.

---

[1] 124 F.2d 467, 469, 470, 471.

[2] Railroad Commission of Texas et al. v. Rowan & Nichols Oil Co., 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368; Id., 311 U.S. 570, 61 S.Ct. 343, 85 L.Ed. 358; Id., 311 U.S. 614, 615, 61 S.Ct. 66, 85 L.Ed. 390; Railroad Commission of Texas et al. v. Pullman Company et al., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971.

[3] Transcript of Record, p. 92.

[4] See our rule 32, which implies that a mandate once issued may, during the term, be recalled to prevent injustice; also our rule 29, which implies that, after twenty-one days from date of judgment, a petition for rehearing may, during the term, be presented by special leave of court or of one of the judges.