**PORTO RICO TEL. CO. v. PUERTO RICO COMMUNICATIONS AUTHORITY et al.**

**Civ. No. 4635.**

United States District Court
District of Puerto Rico. San Juan Division.
April 22, 1950.

Jaime Sifre, Esq. and E. T. Fiddler, San Juan, Puerto Rico, for plaintiff.

James E. Curry, San Juan, Puerto Rico and the Attorney General of Puerto Rico, San Juan, Puerto Rico, for defendants.

CHAVEZ, District Judge.

I. Plaintiff Porto Rico Telephone Company, hereinafter referred to as "the Telephone Company", is a corporation incorporated under the laws of the State of Delaware, domiciled therein, and qualified to do, and doing, business in the Island of Puerto Rico.

The Telephone Company owns and operates over 22,000 telephones or "stations" in the Island of Puerto Rico, which are interconnected by over 7,000 miles of wire and the switching service of over 60 central office exchanges, the largest of which is the "automatic" (i. e.) "dial" system, exchange in San Juan, serving more than 12,000 telephones.

All of the properties of the Telephone Company are operated pursuant to a franchise (Franchise No. 322), granted by the Executive Council of Puerto Rico on August 25, 1914.

The defendant Puerto Rico Communications Authority is a public corporation created by Act of May 12, 1942 of the Legislature of Puerto Rico, empowered to acquire by eminent domain "any undertaking or part thereof" (Sec. 6(h)) of the Act of May 12, 1942. During May 1946 the Communications Authority made prepartions for condemnation of all or part of the Telephone Company's properties, the purpose being to incorporate the same into the relatively small system then being operated by the Authority. It was to prevent such action that the present suit was filed.

This is a suit for issuance of an injunction against defendants to restrain an alleged proposed condemnation of plaintiff's properties. The case was referred to a special master and a temporary restraining order was issued. The case is now before the court on exceptions to the Master's report.

II. The Attorney General of Puerto Rico, on behalf of the individual defendants, has raised the question of want of jurisdiction, and in this connection it is well to summarize the Plaintiff's contentions, as set forth in the complaint.

1. Plaintiff is a citizen of, and domiciled in, Delaware.

2. In addition to the statutory amount and diversity of citizenship, the alleged jurisdiction is bottomed on the ground that this is a suit arising under the constitution and laws of the United States, specifically the 5th and 14th amendments and the Organic Act, 31 Stat. 77 et seq.

3. Defendant proposes to file a condemnation proceeding and proposes to seize a portion of plaintiff's telephone system.

4. That defendants have no authority, right or power to seize aforesaid properties of the plaintiff; that the contemplated condemnation is not for the the public use; that the proposed taking is illegal and deprives plaintiffs of their property without due process of law; that the taking amounts to an impairment of a contract of the People of Puerto Rico (the franchise); that the General Expropriation Act of 1903 does not provide any means for the ascertainment of compensation and the payment thereof and damages, the seizure deprives plaintiff of its properties without just compensation; that the power sought to be exercised is an undue and unlawful delegation of legislative power; that the declaration of taking procedure of Act No. 216 violates Sec. 2 of the Organic Act, 31 Stat. 77.

That defendants propose to file different actions in the different District Courts of the Island, subjecting plaintiffs to a multiplicity of suits.

That Plaintiff has no adequate remedy at law and will suffer irreparable injury if defendants are permitted to file condemnation suits against plaintiff.

Before discussing the cases with respect to injunctions to stay condemnation proceedings in the state courts, it would be well to point out that, although the ancient differences in procedure between law and equity have been abolished, and there is now no "Law side" or "Equity side" of the court, it is still necessary, in order to invoke the exercise of the extraordinary remedies of equity, such as injunctive relief, that the essential elements of equitable jurisdiction must be shown to exist, as the difference in substance in federal judicial power between law and equity is imbedded in the constitution and remains unaltered. Commercial National Bank in Shreveport v. Parsons, 5 Cir., 144 F.2d 231, certiorari denied 323 U.S. 796, 65 S.Ct. 440, 89 L.Ed. 635; Coca Cola Co. v. Dixi-Cola Laboratories, 4 Cir., 155 F.2d 59.

"The merging of legal and equitable procedure in the New Federal Rules [of Civil Procedure, 28 U.S.C.A.] had no effect upon substantive legal rights, and the courts must still apply equitable principles to equitable rights and legal principles to legal rights." Sun Oil Co. v. Burford, 5 Cir., 130 F.2d 10, 17, reversed on other grounds in 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424.

"Under the federal Constitution, art. 3, § 2, the distinction between law and equity is to be observed". Phillips Petroleum Co. v. Johnson, 5 Cir., 155 F.2d 185, 190, cert. denied 329 U.S. 730, 67 S.Ct. 87, 91 L.Ed. 632. See Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499.

Plaintiff has here alleged three grounds for equitable relief; multiplicity of suits, no adequate remedy at law and irreparable injury.

[redacted] 1. *Multiplicity of suits.* Plaintiff's theory of its position is that the proposed condemnor would file a series of condemnation proceedings, that is, a separate suit in each district Court according to the judicial district where the particular portion of plaintiff's property may be located. The answer to this is that all condemnations in Puerto Rico, after July 1, 1948, must be filed in the Eminent Domain Court of Puerto Rico. (Act No. 223, approved, 15 May 1948).

2. *Inadequate remedy at law.* Section 3 of the law creating the Eminent Domain Court reads as follows: (Par. (2)): "The Court of Eminent Domain shall have all the powers and prerogatives appertaining to the District Courts of Puerto Rico; shall use an official seal, and shall be a court of record. *The laws in force and the laws hereafter approved in connection with the prosecution of civil actions which are not otherwise inapplicable to condemnation proceedings, shall be applicable to actions brought in said court.*"

[redacted] The italicized words mean that, as in the district courts of Puerto Rico, plaintiff, in the event it is subjected to condemnation proceedings in the Eminent Domain Court, will have notice and hearing; the right to raise each and every one of the constitutional questions it now raises here and any other defense; it could appeal any judgment to the Supreme Court of Pureto Rico; thence to the Circuit Court of Appeals; and finally, to the Supreme Court of the United States. *Not only this,* which provides it with an adequate remedy at law, but plaintiff, upon being sued in the Eminent Domain Court, *has a right to remove the cause to this Court, which action would automatically stay all local proceedings.*

[redacted] It is clear that plaintiff has two adequate remedies: it can raise in the Eminent Domain Court any lawful defenses it may desire to advance; (2) it may remove the cause to this Court, thus staying the drastic action it fears.

Under this situation, the Courts have held that an injunction will not lie. State of Georgia v. City of Chattanooga, 264 U. S. 472, 44 S.Ct. 369, 68 L.Ed. 796, was an original bill in equity in the Supreme Court of the United States wherein Georgia sought to enjoin the condemnation, by the City of Chattanooga, of certain lands owned by the State in Chattanooga. After disposing of the question of Georgia's immunity as a sovereign, and failure to give personal service, the Court took up, 264 U. S. at page 483, 44 S.Ct. at page 371, the question whether the bill alleged sufficient equity, saying:

"There is such a want of equity that the bill will be dismissed. The lack of opportunity to be heard before the passage of the ordinance opening the street furnishes no ground for complaint. The taking is a legislative and not a judicial function, and an opportunity to be heard in advance need not be given. Bragg v. Weaver, 251 U.S. 57, 58, 40 S.Ct. 62, 64 L.Ed. 135. Personal service upon the owner is not essential; publication of notice is sufficient. Bragg v. Weaver, supra, 251 U.S. 59, 61 (40 S.Ct. [62], 63, 64 [64 L.Ed. 135]). No complaint is made that the laws of Tennessee do not afford the state of Georgia and other owners reasonable notice and opportunity to be heard before the final determination of judicial questions that may be involved in the condemnation proceedings—e. g., whether the state has

delegated to the city the power to condemn; whether the taking is for a public purpose (Rindge Co. v. Los Angeles County, 262 U.S. 700, 705, 43 S.Ct. 689, 67 L.Ed. 1186; Hairston v. Danville & Western Ry. Co., 208 U.S. 598, 606, 28 S.Ct. 331, 52 L.Ed. 637, 13 Ann.Cas. 1008); and the amount of the compensation (Seaboard Air Line Ry. Co. v. United States, 261 U.S. 299, 304, 43 S.Ct. 354, 67 L.Ed. 664). Georgia has been given notice and has the right voluntarily to appear. See Clark v. Barnard, 108 U.S. 436, 447, 2 S.Ct. 878, 27 L.Ed. 780. All its objections and defenses may be interposed in the Tennessee court. It appears on the face of the bill of complaint that, if it so elects, Georgia has a plain, adequate, and complete remedy in the condemnation proceedings instituted by the city."

This case, decided in 1924, has never been overruled. It was cited, and the rule therein stated followed, in Colorado Central Power Co. v. City of Englewood, 10 Cir., 89 F.2d 233, 235, where the Court speaking through Circuit Judge Bratton stated. "It is well settled that where objections may be heard in defense to a condemnation proceeding resort to equity may not be had because one having such an adequate and complete remedy at law cannot invoke injunctive relief." Citing cases, including the Georgia case; Black Hills & N. W. R. Co. v. Tacoma Mill Co., 9 Cir., 129 F. 312; Suncrest Lumber Co. v. North Carolina Park Commission, D.C., 30 F.2d 12.

█ Plaintiff complains that defendants intend to condemn its properties piecemeal, and thus, with each condemnation, to diminish the value of the remaining property so that at each succeeding condemnation, the remaining properties would have a lesser fair market value than if the whole telephone system were to be condemned at once, thus causing, concomitantly with each condemnation, an irreparable injury. The answer to this is that this Court cannot presume that the Eminent Domain Court of Puerto Rico is ignorant of the law of eminent domain; and this court will not anticipate a refusal by the Eminent Domain Court to grant severance damages for diminishment in value of the property remaining after a given condemnation. The remedy provided by the local judicial system is sufficiently adequate to prevent any irreparable injury of this nature.

The cases cited by plaintiff in his memorandum of April 5, 1949, all relate to situations where all of the conditions for equity jurisdiction were present but the Court was of the opinion that the Federal Court in the exercise of its discretion would not intervene with the enforcement of the state statute before the statute had been interpreted by the state court. The position here is not one where a case for equity jurisdiction is presented and the court in exercising a sound discretion desires to withhold its strong arm of equity but rather that no equitable jurisdiction exists in the first place for want of the substantive elements of an equity case.

The complaint must be, and hereby is, dismissed for want of equity, and the restraining order, in consequence, dissolved. It is so ordered.