GAY v. JACKMAN et al.   (No. 402–3750.)

(Commission of Appeals of Texas, Section B.
Oct. 17, 1923.)

I. Appeal and error ⊕⇒1177(7)—Facts held not to entitle appellants to new trial to more fully develop the case.

Where a great deal of evidence was introduced by both plaintiff and defendants on the issue of fact involved, all of which with the exception of certain declarations supported the plaintiff's theory, and the court did not formally strike such declarations from the record, but instructed the jury peremptorily in favor of the plaintiff, the appellate court, in holding that such testimony was incompetent will not grant defendants a new trial on the theory that defendants should be given opportunity to make further rpoof, since in such case it appears that the trial court disregarded such testimony and that defendants had fully developed their case.

**2. Partnership ⚷⟷275—Death of partner dissolves partnership subject to right of surviving partner to wind up business.**

The death of a partner dissolves the copartnership subject to the right of the surviving partner to wind up the partnership business.

**3. Partnership ⚷⟷258(7)—In action·for survivor's share of property converted by deceased partner's administrator, plaintiff need not plead partnership.**

Where administrator of deceased partner converted the surviving partner's share of the partnership assets, the surviving partner's assignee, in action to recover the value of such assets, was not required to plead the partnership, since in so doing she would be merely pleading the evidence by which she held her title.

**4. Judgment ⚷⟷252(1)—Pleading of entire ownership authorizes the recovery of a part interest.**

Appropriate pleading of entire ownership in property sued for will authorize recovery of a less interest, where warranted by the proof.

Error to Court of Civil Appeals of Third Supreme Judicial District.

On motion for rehearing. Motion overruled.

For former opinion, see 252 S. W. 1042.

McCLENDON, P. J. Objection is made, in the motion for rehearing, to the statement in our original opinion to the effect that the testimony of defendant Jackman that Mrs. Gay pointed out the cattle which Jackman took possession of as the cattle of Lindeman, was struck from the record by the trial judge. The record in this regard shows the following: The testimony referred to was objected to when offered, but the objection was overruled. The bill of exceptions taken by plaintiff to this ruling states that later plaintiff moved to strike out this testimony, but the motion was overruled "at that time." The qualification to the bill of exceptions recites that:

"The testimony, as shown above, was admitted over the objection of counsel for plaintiff, as therein shown, but thereafter, upon further reflection, the court concluded that such evidence was incompetent. While the court did not formally exclude such evidence from the jury, yet, in the action of the court in instructing a verdict for the plaintiff and in overruling motion for new trial by defendants, the court did, in effect, exclude this testimony."

Defendants in error now insist that in this state of the record the cause should be remanded in order that they may make other proof of Lindeman's exclusive ownership of the cattle. The contention in this regard is that so long as this testimony was not formally excluded from the case, defendants in error relied, and had the right to rely, thereupon as constituting prima facie evidence of Lindeman's title, and that, upon the court's

taking the view that the evidence was not admissible and had no probative force, defendants in error should have been given the opportunity of withdrawing their announcement of ready so as to offer other evidence of Lindeman's title.

We have carefully considered the case from this viewpoint, and have reached the conclusion that the judgment of the trial court was properly affirmed.

The evidence referred to had, in our opinion, no force whatever as proof of title in Lindeman. It was utterly incompetent for that purpose, and even if admitted without objection we are inclined to the view that the trial court had the right to disregard it altogether. In this connection we refer to the following cases: Gilbert v. Odum, 69 Tex. 673, 7 S. W. 510; Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; Webb v. Reynolds (Tex. Com. App.) 207 S. W. 914.

[1] But aside from this we think the case has been properly disposed of. The record shows that Jackman was appointed administrator of Lindeman's estate in 1897. Shortly thereafter he took possession of the cattle as such administrator and sold them under orders of the probate court. Some four years later, Gib Gay assigned his cause of action for the conversion to his mother, the plaintiff in error. This suit was filed by the latter on August 30, 1902, and remained on the docket of the trial court until the September term, 1919, at which term the trial was had. The question of paramount importance in the case was that of ownership of the cattle. A great deal of testimony was introduced by both sides upon this subject; all of which, however, with the exception of the testimony of Jackman regarding Mrs. Gay's declarations, tended to show that the cattle belonged to Gib Gay and Lindeman as partners or joint owners. While the trial judge did not formally strike this testimony from the record, no other conclusion can be reached but that it was disregarded by him altogether in instructing the jury peremptorily in favor of plaintiff. As pointed out in our original opinion, every American jurisdiction but one passing upon the question, so far as we have been able to find, has held this testimony incompetent to prove title. The only Texas cases upon the subject previous to the trial of the present case are the two decisions of Reed v. Phillips (Tex. Civ. App.) 33 S. W. 986, and Bell v. Preston, 19 Tex. Civ. App. 375, 47 S. W. 375, 753, which clearly hold the evidence inadmissible. It is inconceivable that defendants in error would have relied solely upon this testimony to establish their case if any other evidence of Lindeman's title had been available. It is quite apparent from the record that both sides made every effort to throw all possible light upon this question which might be of benefit to them respectively in its solution. Under these circumstances

⚷⟷For other cases see same topic and KEY-NUMBER in all key-Numbered Digests and Indexes

and in the absence of some affirmative showing that other evidence was available, we cannot but conclude that the record shows that the case has been fully developed. It has been practically the uniform practice in the civil appellate courts of Texas not to remand a case for a new trial where the evidence does not raise an issue of fact and the record shows that the case has been fully developed. In such case no useful purpose could be served by further prolonging the litigation. Had the trial court submitted the case to the jury and upon the latter's verdict rendered judgment in favor of defendants, we think, clearly, in the present state of the record, the proper practice would have been, upon holding Jackman's testimony inadmissible, to reverse the trial court's judgment and render judgment for the plaintiff for one-half of the value of the cattle.

[2-4] The further contention is made in the motion for rehearing that plaintiff was not entitled to recover because there was no pleading of partnership between Gib Gay and Lindeman, and plaintiff having alleged entire ownership of the cattle she could not recover other than as alleged in her pleadings. This contention, we think, is not tenable. When Lindeman died, the partnership was dissolved subject only to the right of the surviving partner to wind up the partnership business. So far as the record shows, there were no partnership debts. During the 22 years from Lindeman's death to the date of trial, no creditor had ever disclosed himself. After Lindeman's death the partnership assets were owned in undivided interests; one-half by the surviving partner, and the other by the estate of the deceased partner. When the administrator of that estate took charge of and sold, not only his intestate's interest in the property, but also that of the surviving partner, he converted the latter's interest therein and was responsible to him or his assigns for its value. It was not necessary for the plaintiff to plead the evidence by which she held her title, nor was she deprived of her right of recovery upon the basis of a half interest in the property by reason of the fact that she alleged ownership of the whole. Appropriate pleading of entire ownership in property sued for will authorize recovery of a less interest where warranted by the proof.

It is our conclusion that the motion for rehearing should be overruled.

---

⇐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

