

# THE ATTORNEY GENERAL

# OF TEXAS

GROVER SELLERS
~~PRICE DANIEL~~XXXX
XXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

Honorable Olin Culberson, Chairman
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-6803
Re: Would an injunction prohib-
iting the drilling or pro-
ducing from a certain well
prevent the Railroad Commis-
sion from granting an excep-
tion to Rule 37, allowing
such drilling because of a
change in conditions?

Your letter of September 5, 1945, requests the opinion of this De-
partment as to whether or not, under the facts stated, the Commission
would be in contempt of court in assuming jurisdiction and hearing an ap-
plication for an exception to Rule 37 based upon changed conditions when
the permit to drill at the identical location had been cancelled and
annulled by the Courts and the applicant permanently enjoined from pro-
ducing such well.

From your letter and information contained in our file No. A. G.
3748, we determine the following facts:

On June 16, 1943, judgment was entered in the 126th
District Court cancelling and annulling the order entered
by the Commission in Rule 37, Case No. 24,082, dated
August 28, 1940, granting Angus B. Spear permit to drill
well No. 2 on his Hubbard Ector 0.95 acre tract in Gregg
County and permanently enjoining Spear from drilling or
producing such well.

Prior to 1935, Spear drilled Well No. 1 on the same
tract at a location approximately 75 feet north of the
proposed Well No. 2. Spear now desires to plug and aban-
don Well No. 1 (due to faulty equipment, according to in-
formation furnished this office by Spear) and contemporane-
ously with the application to plug No. 1 desires a permit
to reopen and produce No. 2.

The Commission had allowed the drilling of Well No. 1 many years
prior to the application for and the drilling of Well No. 2. For the
purpose of this opinion we presume that permit for Well No. 1 was a valid

permit as no appeal is evidenced by the facts stated or in the file in this case. We further presume that Spear was entitled to one well as a matter of law to protect vested rights, the location of such to be determined by the Commission to prevent waste and confiscation, as there is no indication that the tract of land was illegally subdivided.

The concluding paragraph of the judgment above referred to reads as follows:

> "This judgment is without prejudice to any right of the Defendant, Angus B. Spear, to apply for a new permit to operate said Well No. 2 and without preju- dice to any right of the Railroad Commission to grant a new permit to operate said well No. 2 when and if ever conditions have so materially changed as to au- thorize the granting of an exception to Rule 37 in this location."

We do not deem it necessary here to discuss fully the authority and jurisdiction of the Railroad Commission relating to the production of oil, but think it will suffice to cite the case of Railroad Commis- sion vs. Wencker, 168 S. W. (2d) 625 in which Mr. Justice Sharp said:

> "The statutes authorize the Railroad Commission to handle the details relating to the production of oil and gas in the State. Article 6004, et seq., Vernon's Annotated Civil Statutes. The Railroad Commission has exclusive original jurisdiction to determine the mat- ter of changed conditions in granting permits to drill wells, subject to the right of appeal to the courts. Magnolia Petroleum Co. v. New Process Production Co., 129 Tex. 617, 104 S.W. 2d 1106; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W. 2d 73; Brown v. Humble Oil & Refining Co., 126 Tex. 296, 83 S. W. 2d 935, 99 A. L. R. 1107. The Railroad Commission is given the power to determine primarily all fact is- sues, that is, all issues that are not established as a matter of law; and to permit the courts to pass upon a question not passed on by the Commission would violate such power. Gulf Land Co. v. Atlantic Refining Co., supra; Brown V. Humble Oil & Refining Co., supra."

And further in the Wencker case, the Supreme Court said:

> "Until the Railroad Commission has exercised the powers conferred on it by law over certain matters, its jurisdiction over such matters should not be denied."

Cited in the opinion in the Wencker case, supra, are authorities which leave no doubt as to the exclusive original jurisdiction of the Commission to determine the matter of changed conditions and the courts will not usurp such function.

In the instant situation the Commission is called upon to find that the plugging of the No. 1 Well will create such a change of condition on the lease as to warrant the granting of a new permit at the No. 2 location. The above quoted section of judgment acknowledges the "right of the Commission to grant a new permit to operate said Well No. 2 when and if ever conditions have so materially changed as to authorize the granting of an exception to Rule 37 in this location."

Under the stated facts the plugging of No. 1 Ector will result in the lease having no producing well thereon. This, in our opinion, brings about a condition of change as contemplated by the interpretation placed on the statutes by the appellate courts. Whether the No. 2 Well will be identified in that manner or will be referred to as No. 1, or any other number, is immaterial as the fact remains it will literally be the only producing well on the lease. In the Wencker case, supra, Justice Sharp discusses fully the effect of numbering wells on the same lease. It follows that the Commission has jurisdiction to hear such application and if it finds that the location of the now existing No. 2 Well is one that will prevent confiscation and waste and a permit be granted, such action will not, in our opinion, be in contempt of the Judgement of June 16, 1943.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By
   s/ Harris Toler
   Harris Toler
     Assistant

APPROVED SEP 12 1945
S/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

HT:rt:egw

Approved Opinion Committee
By WVG Chairman