ACCEPTED
15-25-00026-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/1/2025 12:03 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/1/2025 12:03:45 AM
CHRISTOPHER A. PRINE
Clerk

# No. 15-25-00026-CV

**IN THE FIFTEENTH COURT OF APPEALS**

**AUSTIN, TEXAS**

---

**Dr. Eric Vanderwerff, D.C., Appellant**

**v.**

**Texas Department of Insurance - Division of Workers' Compensation, DWC, and DWC Commissioner Jeff Nelson in his Official Capacity, Appellee**

---

**On appeal from the 455ᵗʰ District Cout of Travis County in Case No. D-1-GN-23-004200 the Honorable Karin Crump Presiding District Judge**

---

## APPELLANT'S REPLY BRIEF

---

Bradley Dean McClellan
Board Certified in Workers' Compensation Law,
Texas Board of Legal Specialization
State Bar No. 13395980
2904 Bowman Avenue
Austin, Texas, 78703
Phone: 512-694-8843
Fax: (512) 564-4284
Brad.McClellan@yahoo.com
*Counsel for Dr. Eric Vanderwerff, D.C.
Appellant*

**September 30, 2025**

**Oral Argument Requested**

TABLE OF CONTENTS

TABLE OF AUTHORITIES      iii

ISSUE PRESENTED      iv

APPELLANT'S REPLY BRIEF      1

SUMMARY OF ARGUMENT      2

REPLY ARGUMENT & AUTHORITIES      3

CONCLUSION      22

PRAYER      23

CERTIFICATE OF COMPLIANCE      24

CERTIFICATE OF SERVICE      24

## INDEX OF AUTHORITIES

**Cases**

*Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000)................................ 16

*City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) ................................. 16

*Dass v. Tex. Bd. of Prof'l Eng'rs*, 517 S.W.3d 252, 256-57 (Tex. App.—Austin 2017, no pet.).................................................................................................... 17

*Magnolia Petroleum Co. v. New Process Prod. Co.,* 129 Tex. 617, 104 S.W.2d 1106, 1110-11 (Tex. 1937)..................................................................................... 17

*Patel v. Tex. Dep't of Licensing & Regulation,* 469 S.W.3d 69, 79 (Tex. 2015) ........ 8

*Patino v. Texas Dep't of Ins.-Div. of Workers Comp.,* 631 S.W.3d 163, 171-72(Tex. App.-Houston [14th Dist.] 2020, no pet.)............................................................ 9

*Texas Ass'n of Acupuncture & Oriental Med. v. Texas Bd. of Chiropractic Exam'rs,* 524 S.W.3d 734, 736 (Tex. App.—Austin 2017, no pet.) ................................. 18

*Texas State Board of Veterinary Medical Examiners v. Jefferson*, No. 03-14-00774-CV, 2016 Tex. App. LEXIS 2002, (Tex. App.—Austin 2016, no pet.) ................... 18


**Statutes**

TEX. OCC. CODE § 201.151 ................................................................................16, 18

TEX. OCC. CODE § 201.353 ................................................................................... 20

TEX. OCC. CODE § 201.507(d)................................................................................ 21

Tex. Occ. Code § 201.354(d). ...........................................................................5, 7

Texas Insurance Code § 4003.007 ...................................................................... 22

# ISSUES PRESENTED

**Issue No. 1:**

Whether the jurisdiction and regulation over chiropractic licenses is exclusively with the Texas Board of Chiropractic Examiners, TBCE, and not the DWC or the DWC Commissioner, who have acted without any jurisdiction and exceeded their statutory authority in pursuing and enforcing professional licensure matters against the Doctor?

**Issue No. 2**

Whether chiropractic renewal of chiropractic licenses for the two year term is allowed for up to one year of the two year period, and the Legislature only requires a higher renewal fee for the two-year period if the license is renewed within the first year of the two year period. Tex. Occ. Code § 201.354. The TBCE does not have any discretion for additional fees or enforcement if chiropractor meets renewal requirements within the first year of the two year license periods.

**Issue No. 3 (Incorporating Issues No. 1 and 2 by reference)**

Whether the District Court erred in granting a final summary judgment based upon "substantial evidence" without allowing the declaratory relief, ultra vires actions, and other relief sought by the Doctor to proceed against the DWC & the DWC Commissioner in acting in an arbitrary and capricious mannder in selectively singling out the Doctor for workers' compensation state agency punishment well beyond any regulatory authority of the agency and with no showing of any like or comparable actions against a single other health care provider or licensed professional?

# No. 15-25-00026-CV

---

**Dr. Eric Vanderwerff, D.C., Appellant**

**v.**

**Texas Department of Insurance - Division of Workers' Compensation, DWC, and DWC Commissioner Jeff Nelson in his Official Capacity, Appellee**

---

**On appeal from the 455th District Cout of Travis County in Case No. D-1-GN-23-004200 the Honorable Karin Crump Presiding District Judge**

---

## APPELLANT'S REPLY BRIEF

---

TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT OF APPEALS:

The DWC Appellees, the Texas Department of Insurance - Division of Workers' Compensation, DWC, and DWC Commissioner Jeff Nelson in his Official Capacity, admit that Dr. Eric Vanderwerff, D.C., Appellant and the Doctor renewed his license that "Dr. Vanderwerff paid the fee for the entire two-year renewal period plus a late fee." DWC Br. pp. 15. Yet, DWC Appellees, still fallaciously argue that his license was "not valid" during the first nine months of the year allowed to renew the biennial license; however, the Texas Board of Chiropractic Examiners, the TBCE, has never asserted such and cannot because the express laws adopted by the Legislature allow for complete chiropractic license "renewal" with only an increased fee during the first year of the two-year or biennial license.

---

## I. SUMMARY OF REPLY ARGUMENT

**No Evidence of Harm by the Doctor, but Plenty of Legal Fouls by the DWC.**

We are here because of a state official acting upon an insupportable belief that an expired license, still subject to renewal, took a retaliatory *ex parte* action against a chiropractor, who had a pending "free speech" penalty proceeding against the agency, and the agency head asserted with zero evidence of harm to a single person then, later, or even now that practicing with a license still subject to timely renewal would inherently result in harm to the health, safety, or welfare of another person. The *ex parte* actions and retaliatory enforcement should create not a chill, but a freeze over Texan's rights and freedoms to engage in lawful occupations.

The DWC Appellee's brief does not even use the word harm in trying to justify the DWC Commissioner issuing and continuing to try to enforce an unlawful cease and desist licensing order, CDO, for which exclusive authority over such matters belongs by law to the TBCE. The only basis for the "emergency" ex parte CDO was an expired license asserted to result in harm to a person. No harm to a person occurred.

The DWC Appellee's fail to cite to any precedent for the unprecedented and

unlawful cease and desist order on an expired license, subject to renewal, and attempts to enforce such order by a non-licensing agency much less the licensing authority in the TBCE.

Imagine the harm to patients that would come from chiropractor who did not expeditiously move to have another doctor to take over care of patients like the Doctor did in good faith? **Where is a single other expired chiropractic license still subject to non-discretionary renewal ever shown to be the subjected to (1) an emergency cease and desist order, much less *ex parte*, in any occupation by any agency not even the licensing agency itself or (2) any additional disciplinary actions or penalties beyond the Legislature's express limit of an increased renewal fee?**

## II.     REPLY ARGUMENT & AUTHORITIES

**All DWC's Allegations are based upon TBCE Licensure Renewal Law.**

The DWC Appellees assert only two factual violations of its licensure CDO over a six month period including after the timely renewal within one-year on June 25, 2021, DWC Br. p. 17:

. . . including serving as a treating doctor, until he notifies DWC that the

Texas Board of Chiropractic Examiners has allowed him to practice chiropractic medicine." A.R. DWC 01196. As of June 29, 2021, Dr. Vanderwerff had not notified DWC that TBCE allowed him to practice chiropractic medicine. As such, he violated the CDO a second time.

This again shows DWC's whole argument is based upon licensing and the fallacy that TBCE ever prohibited the Doctor from practicing chiropractic medicine during the first year of the two year license. The TBCE did not and could not. This again shows the DWC well beyond its jurisdiction attempting to apply and interpret TBCE authority over licenses.

An expired license does not come close to being a "suspended" license or "revoked" license for Texas doctors of chiropractic. The exclusive licensing authority for chiropractors, the Texas Board of Chiropractic Examiners (TBCE), accepted payment for the full two year period and renewed the license of the Doctor. The TBCE had no discretion for accepting payment during the first year of the two year period with only an additional fee if not paid prior to the start of the two year licensure period. The DWC Appellees admit that not only the statute but the TBCE rules "allow" such renewal, again in applying TBCE exclusive authority, DWC Br. p. 12:

TBCE rules allow a licensee to renew his or her license within one year after expiration by complying with all renewal requirements and paying a late fee.

The Doctor, without dispute, did "renew his or her license within one year after expiration by complying with all renewal requirements and paying" an "increased renewal fee." The Legislature expressly refers to the fee as being an **"increased renewal fee"** not a "late" fee and not a "penalty" fee:

> **"A person whose license has been expired for less than one year may renew the license by paying the Board an increased renewal fee."** Tex. Occ. Code § 201.354(d).

The DWC Appellees never even use the work proration or prorated though a fundamental part of the Doctor's brief was to make clear the renewal was for the entire two year period, DWC Br. p. 11 to 12:

> Dr. Vanderwerff repeatedly argues that "under the law and TBCE rules he was authorized to practice and that his full two-year license term was successfully renewed during the first year of his two-year license in compliance with the express statutory terms, with payment covering the entire two year period." App. Br. 18-19. This argument does not align with the law.

The DWC Appellees do not and cannot explain why the Doctor's timely renewal in the first year of a two year license does not cover the entire two year period because no proration has occurred and the TBCE accepted the full payment for the entire two years. Even if this Court wants to accept DWC's argument that this would be retroactive, the result is the same the license is fully renewed and paid

5

for the entire two year period.

**_De Novo_ Review of Legal Questions is the Correct Standard.**

The DWC Appellees spend most of their brief arguing about TBCE rules and TBCE violations again showing that this licensing matter is not in DWC's jurisdiction. The DWC Appellees appear to want to hide behind "substantial evidence" review, which standard the Doctor prevails under, but this matter goes into declaratory relief and an agency official and employees grossly overstepping limited Legislative authority and ignoring express laws. The Doctor agrees that questions of law are reviewed _de novo_ as DWC's brief cites to _Davis v. Morath_, 624 S.W.3d 215, 221 (Tex. 2021). DWC Br. p. 6. This requires no deference to an agency, even the TBCE with the licensing authority.

**No Dispute Exists that the Doctor Completed "Renewal Requirements."**

The DWC Appellees one one had assert that they: "have never taken or attempted to take enforcement action against Dr. Vanderwerff's chiropractic license, which is under the jurisdiction of the TBCE." DWC Br. p. 7. Yet, DWC Appellees state that they "relied upon the TBCE" rule 22 Tex. Admin. Code § 72.14(a), (e), and argue that, DWC Br. p. 8:

The fact that Dr. Vanderwerff eventually completed the renewal requirements and paid the fee does not make his license effective retroactively.

Here again, the DWC acknowledges a "renewal" not a reinstatement of a suspended license, but yet again clearly shows this is a "license" issue which is under TBCE authority. A chiropractic license is for the full two years, this is not a retroactive argument, but the timely completion of licensure requirements and payment of "an increased renewal fee." Tex. Occ. Code § 201.354(d). The Legislature only required an "increased renewal fee" for the entire first year of the biennial license renewal, no penalties and zero discretion of even the TBCE.

Take the logic of DWC Appellees if any doctor of chiropractic check is lost by TBCE staff, if a doctor is incapacitated during the 30 days prior to license renewal date and misses by two weeks, if a doctor is in serious financial difficulties due to a transmittable disease impacting in person treatment and needs more time for the license payment, this is all covered by allowing non-discretionary renewal for the entire first year of the two-year license. Again, the TBCE has never challenged the express statutory will of the Legislature and asserted such frivolous and unconstitutional legal arguments.

This is not a retroactive removal of a wrongly suspended or revoked license

The Doctor, and all chiropractors, should not be subjected to clear and unreasonable interference by a rogue officials and an non-licensing agency acting with retaliation against a Texan standing up for his patient's rights. As Justice Willett noted in *Patel*, *Patel v. Tex. Dep't of Licensing & Regulation,* 469 S.W.3d 69, 79 (Tex. 2015),.cited to by both parties:

> The U.S. Supreme Court has repeatedly declared that the right to pursue a lawful calling "free from unreasonable governmental interference" is guaranteed under the federal Constitution, and is "objectively, deeply rooted in this Nation's history and tradition." A pro-liberty presumption is also hardwired into the Texas Constitution, which declares no citizen shall be "*deprived* of life, liberty, property, [or] privileges or immunities"—phrasing that indicates citizens already possess these freedoms, and government cannot take them "except by the due course of the law of the land."

*Patel*, 469 S.W.3d at 93 (Willett, J., concurring) (citing *Washington v. Glucksberg*, 521 U.S. 702, 703, 117 S. Ct. 2258, 117 S. Ct. 2302, 138 L. Ed. 2d 772 (1997), and *Greene*, 360 U.S. at 492). An ex parte CDO issued days before Christmas against a party with a pending administrative proceeding by an agency with no licensing jurisdiction certainly did unreasonably deprive a Texas citizen of the right to pursue a lawful calling.

Even assuming the challenge to the void CDO is untimely (which the Doctor expressly denies), this does not bar his constitutional challenges for declaratory/injunctive relief especially with the continued attempts to enforce the unlawful CDO in this matter. See *Patino v. Texas Dep't of Ins.-Div. of Workers Comp.,* 631 S.W.3d 163, 171-72(Tex. App.-Houston [14th Dist.] 2020, no pet.)(allowing doctors constitutional challenges to proceed against DWC attempted enforcement of laws to pursue penalties against doctors removed from a workers' compensation "approved doctor list" which laws have been stopped with likely with an extremely questionable constitutional basis).

What could the DWC Appellees have done?  Simply refer this matter to the TBCE in the days before Christmas 2020 for any licensure issues just like the void cease and desist order which was made ex parte with zero complaints of harm to a patient and after several days of investigation with no communication with the Doctor or shown with the TBCE.   The TBCE certainly aware of this matter, properly followed the law and accepted the increased renewal fee within the first year of the biennial license, and the TBCE had no discretion to do such and the TBCE has no authority to even pursue disciplinary action for the expired period.  Why should the DWC Commissioner with no license authority be allowed to violate the express

renewal laws of the Legislature?

**Only the TBCE Exclusive Authority to Issue a Cease and Desist Order After Notice & an Opportunity to Be Heard.**

The DWC Appellees attempt to assert not under the law of the Legislature but under a TBCE rule read in isolation that the Doctor "was considered by TBCE to be practicing without a license." Yet, DWC wants to argue that it has authority to take matters into its own unclean (a pending "free speech" allegation against the Doctor) hands to issue a

In most all cases of a cease and desist order under Texas laws notice and an opportunity to be heard is guaranteed as Constitutionally required. Only the TBCE has authority to issue a cease and desist order for allegations of practicing "without a license" after notice

The Legislature provided only the TBCE with cease and desist order authority for chiropractors or persons who appear to be practicing chiropractic without a license. Under Texas Occup. Code Sec. 201.6015, which the TBCE did not and has not invoked against the Doctor:

> CEASE AND DESIST ORDER. (a) If it appears to the board that a person is engaging in an act or practice that constitutes the practice of chiropractic without a license or registration under this chapter, the board, after notice and opportunity for a hearing, may issue a cease and desist order prohibiting the person from engaging in that activity.

(b)  A violation of an order under this section constitutes grounds for imposing an administrative penalty under Subchapter L.

**VOID actions by DWC & No Licensing Actions by TBCE, The Exclusive Regulatory Agency of Chiropractic Treatment**

When this matter first arose, not with a phone call or an inquiry, but the DWC Commissioner, with zero licensing authority making the cease and desist order void ab initio, taking on the Texas Board of Chiropractic Examiners role in issuing a cease and desist order on licensing: SR 4 AR 2813, DWC Ex. 26:

10.  Pursuant to 22 TEX. ADMIN. CODE § 72.14, Dr. Vanderwerff is subject to disciplinary action by the Texas Board of Chiropractic Examiners because he provided health care services with an expired license.

This entire grossly wrong and overreach by the DWC Commissioner as a "finding of fact" shows the complete disregard for the Legislature's one year increased fee only—no disciplinary authority even by the TBCE is allowed.   How much of this could have been prevented with a simple phone call or notice to the TBCE if the TBCE wanted to assert its own exclusive authority to issue a cease and desist order for practicing without a license? Why is there no evidence of a single other DWC Commissioner cease and desist order on a same or similar license issue under the TWCA?

DWC was never notified otherwise, and attempts to argue again that the Doctor had a responsibility under the Void cease and desist order to notify DWC (which again the Doctor attempted to follow in a David versus Goliath struggle), DWC Br. p. 17:

> As of June 29, 2021, Dr. Vanderwerff had not notified DWC that TBCE allowed him to practice chiropractic medicine. As such, he violated the CDO a second time.

Yet another erroneous argument of the DWC shows the whole CDO was based upon being until "TBCE allowed him to practice" which TBCE never disallowed his practice and could not prohibit his practice because the Doctor only had to pay the increased fee during the entire first year of the two year license period. This also shows the *ultra vires* and grossly punitive and selective and retaliatory acts of the DWC Appellees in that the DWC demanded additional notice (which was provided within a week) of publicly verifiable licensing.

The DWC Appellees, not the TBCE itself, argue the Doctor violated TBCE rules and admit that TBCE controls chiropractors but somehow try to argue that TBCE

had prevented treatment of all patients, yet DWC was only enforcing as to workers' compensation patients in a circular argument (DWC Brief p. 15):

> Appellees have not taken action against Dr. Vanderwerff for the treatment of his patients who were not part of the workers' compensation system, though it is clear that treatment **violated TBCE rules**. Id. Appellees only acted under the authority of the TWCA, which authorized them to issue a CDO prohibiting Dr. Vanderwerff from treating patients in the workers' compensation system **until TBCE allowed him to practice chiropractic medicine.**

The **TCBE *never prohibited* and by law could not prohibit the Doctor from practicing** chiropractic medicine. All DWC's erroneous authority for "taken action" are based on TBCE authority and rules. The TBCE has to this day not taken any action against the Doctor because the Legislature does not allow such for the renewal of a two year license during the first year. The DWC has no authority to prohibit a doctor from treating patients whether workers' compensation or non-workers' compensation on licensure matters because the DWC has no licensure authority period.

**DWC Argues this is not a Licensing Matter, yet Continually Cites TBCE Licensing.**

DWC also asserts specifically that TBCE's own rules—not the DWC rules (DWC Br. p. 14):

Most importantly, TBCE's own rules explicitly state "[a] licensee who fails to renew a license under subsection (a) of this section shall be considered by the Board as practicing without a license and subject to disciplinary action." 22 Tex. Admin. Code § 72.14(e).

The complete silence from TBCE for now almost five years as to any disciplinary action eviscerates the DWC's arguments. Quite simply, the TBCE cannot take disciplinary action of any kind for the timely "renewal" of an expired license.

**Entire Two Year Period of TBCE License Renewed—No Proration**.

DWC admits the Doctor "paid the fee for the entire two year period plus a late fee" at DWC Br. p. 15:

> Dr. Vanderwerff paid the fee for the entire two-year renewal period plus a late fee; however, that did not change the fact that when he practiced chiropractic medicine between October 1, 2020, and June 25, 2021, his license was not valid. As such, he could not treat patients in the workers' compensation system during that time.

The TBCE did not and could not prorate the two year renewal fee to not apply to the period between October 1, 2020, and June 25, 2021. The two year renewal fee covered October 1, 2020, through September 30, 2022. DWC Appellees completely fail to address why proration is provided for in other TBCE statute and TBCE rules, but no proration is applicable here. In fact, the word prorate is not even used in

DWC's briefing in any form or manner.

The DWC even concedes that the health care provider's licensing authority is who controls, DWC Br. p. 15-16 :

> TWCA requires medical professionals treating patients in the workers' compensation system to be licensed by the board that oversees their field of practice. Tex. Lab. Code § 401.011(21)(A), (17).

The Doctor agrees that the board is the TBCE in this matter. The Doctor would point out doctors of any type must be licensed. TEX. LAB. CODE § 401.011(17). The same applies to insurance adjusters who are licensed by the Department of Insurance under the Insurance Code. TEX. LAB. CODE § 401.011(1). The Legislature in the TWCA itself provided that licensure matters. The DWC's cites to professions who may be completely barred from practicing in their fields (though the Doctor will respect the relevant licensing departments) due to license ending, but such examples do not apply to chiropractors, attorneys, adjuster and a host of others who have a renewal period by law. Frankly, the renewal periods for most all licensures avoid constitutional conflicts.

The Texas Board of Chiropractic Examiners, TBCE, has the sole regulatory

authority over chiropractors and licensure issues. TEX. OCC. CODE § 201.151. When an agency is given the sole authority by the Legislature to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute, and exhaustion of administrative remedies is required. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013); *Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000). The silence of the TBCE, the agency with exclusive jurisdiction over chiropractor licensing continues to be deafening. The TBCE should be commended for following the non-discretionary one year renewal period for chiropractors during which the Legislature did not allow for any disciplinary actions or penalties for the biennial license renewal.

An increased fee is all this is required, and the Doctor successfully renewed his two-year TBCE license with the full two-year payment and late fee paid by June 25, 2021, within one year of October 1, 2020, and TBCE accepted his payment for the entire two year period without proration or even attempted proration. Even the TBCE cannot impose additional fees much less any administrative penalties for a chiropractor's renewal in the first year.

**EXCLUSIVE JURISDICTION OF THE TBCE TO REGULATE CHIROPRACTORS**

DWC asserts that it can interpret a health care provider's license status as to workers' compensation patients, somehow sore backs at work are treated different than sore backs at sports or home, and that the Doctor, DWC Br. p. 18: "violated the TWCA by treating patients and by billing and submitting work status reports for patients in the workers' compensation system without a valid license." Once more this proves the only basis for these actions is licensure and to try to distinguish injured workers from other patients is absurd.

The DWC Appellees failed to respond to how the DWC has any licensure jurisdicition making any such agency orders without jursidiction void. *Dass v. Tex. Bd. of Prof'l Eng'rs*, 517 S.W.3d 252, 256-57 (Tex. App.—Austin 2017, no pet.); *Magnolia Petroleum Co. v. New Process Prod. Co.,* 129 Tex. 617, 104 S.W.2d 1106, 1110-11 (Tex. 1937).

If the Chiropractic Chapter is violated or any TBCE rules, the Legislature expressly only allowed the TBCE to take action: "On a determination that a person has violated this chapter or a rule adopted by the board under this chapter, the board:(1) shall revoke or suspend the person's license, place on probation a person whose license has been suspended, or reprimand a license holder; or (2) may impose an administrative penalty." TEX. OCC. CODE § Sec. 201.501. Only the TBCE is authorized by law "to administer the purposes of and enforce this chapter." ."

TEX. OCC. CODE § 201.151. *Texas Ass'n of Acupuncture & Oriental Med. v. Texas Bd. of Chiropractic Exam'rs,* 524 S.W.3d 734, 736 (Tex. App.—Austin 2017, no pet.).

The DWC keeps asserting a TBCE rule that according to the DWC practicing prohibits a chiropractor with an expired license from practicing without a license and subject to disciplinary action. Even the TBCE, which has not ever attempted disciplinary action on this matter or a similar matter, could not try to interpret the statute to give power to penalize a chiropractor who renews a license within the first year of the two year renewal period. *Texas State Board of Veterinary Medical Examiners v. Jefferson*, No. 03-14-00774-CV, 2016 Tex. App. LEXIS 2002, (Tex. App.—Austin 2016, no pet.) (mem. op)(licensing agency has no power to regulate conduct that does not show an intent to violate a licensing act under express laws of Legislature).

**Absolutely No Evidence of Imminent or Any Harm to the Public Health, Safety, and/or Welfare.** DWC also alleged in the DCO and continued to assert that Dr. Vanderwerff practiced medicine in an acceptable manner consistent with public health, safety, and welfare, yet no evidence of any harm was shown.

**The Doctor never Provided Unlicensed Care as Asserted by the DWC.**

The DWC Commissioner asserted that without legal authority or factual basis in the *ex parte* cease and desist order that the Doctor's conduct will result in harm to the health, safety, or welfare of another person: SR 4 AR 2813, DWC Ex. 26:

> No. 11. Based on the facts presented, unless Dr. Vanderwerff is immediately ordered to cease and desist from providing unlicensed chiropractic care to Texas workers' compensation patients, his conduct will result in harm to the health, safety, or welfare of another person.

The facts were approved and paid billing statements and not a single complaint then or now by a patient as to even the slightest harm. The SOAH administrative judge clearly found no harm at all at any time in his findings of fact , CR 158, 168:

> 40. The evidence did not show any shortcoming in the health care Dr. Vanderwerff provided. [unchallenged]

> 41. The fact that Dr. Vanderwerff was unlicensed could have but did not create problems in the workers' compensation system. [challenged by DWC but rejected by ALJ noting "The fact that the Division issued a cease and desist order to prevent possible harm does not indicate that harm occurred."]

> 42. The evidence fails to show that Dr. Vanderwerff has any prior violations in his more than 25 years in workers' compensation.

**The Continued Unlawful "Enforcement" of a Void and Unlawful Cease and Desist Order.**

This dispute may not exist but for the   DWC Appellee's attempt to

enforcement the unlawful CDO on TBCE licensing and assert penalties beyond the limited and only required Legislative "renewal fee" during the first year of the biennial license.

The DWC failed to present any "penalty" evidence much less how the TBCE or any agency could take any disciplinary action when the Legislature mandated only a late **renewal** fee for up to one year for chiropractors who miss the deadline for whatever reason. TEX. OCC. CODE § 201.354.

In fact, and the DWC Appellee's do not dispute that this matter arose during the pendency of another frivolous attempt by the DWC to use an inapplicable statute to try to shut up and shut down the "free speech" of Dr. Vanderwerff advocating for his and his patient's rights. SR See Doctor's Ex. D SOAH DOCKET NO. 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.C1, MSD attached and Agreed Dismissal Notice with Prejudice July 13, 2021.

DWC's briefing does not challenge the Doctor's position that "No proration is asserted in this case, and TBCE accepted the payment to cover the full two years of the license renewal as testified by Dr. Vanderwerff and the TBCE staff member." TEX. OCC. CODE § 201.353. Only for a year which the license expiration date is changed is a license fee "prorated on a monthly basis so that each license holder

pays only the portion of the fee that is allocable to the number of months during which the license is valid." *Id.* Subsection (b). Why would the TBCE accept the full two years of payment if the license was not valid during the first 9 months as DWC alleges.

Finally DWC asserts, DWC Br. p. 14 that: "license renewal is one mechanism by which state regulatory agencies, such as TBCE, protect the public. Administration of a license renewal process helps an agency enforce standards and respond to violations of those standards." The Doctor could not agree more as to licensing agencies, and the TBCE the chiropractic regulatory agency followed the renewal process as mandated by the Legislature and cannot take any disciplinary action against the Doctor. The DWC, an non-licensing agency, is without any basis to issue a CDO or assert disciplinary penalties over a license timely renewed according to the express laws.

The DWC's attempt to classify full payment for the two years to only apply to the remaining 15 months and not the prior 9 months is wrong. The only reference in the chiropractic statute to "reinstated" is when the TBCE license may be a "suspended license" will be "reinstated" if timely action is not taken on a TBCE temporary license suspension. TEX. OCC. CODE § 201.507(d).

The mother agency to DWC, the Texas Department of Insurance itself recognizes that once the late fees and license fee are paid the effective date is the license expiration date. Only, if an adjuster does not fulfill the late requirements within 90 days, the license "cannot be "renewed," and the person must apply for a "new license." 28 Tex. Admin. Code § 19.810 (TDI Rule 19.810). Texas Insurance Code § 4003.007.

To conclude, the DWC Appellees do not challenge that the Texas Supreme Court has again reemphasized that "penal statutes should be strictly construed" and where ambiguous to construe in favor of the person enforcement is sought. *Malouf v. State ex rel. Ellis*, 694 S.W.3d 712, (Tex. 2024).

### III. CONCLUSION

Having conceded the Doctor "renewed" his license before the DWC by doing all that the Legislature required, the DWC and DWC Commissioner have wholly failed to prove by fact or by law any licensure authority over chiropractors much less the Doctor, and the DWC's cease and desist order is void and without legal authority to be issued on a chiropractic license which was still well within the one year time period to complete renewal requirements with no discretionary review even by the TBCE. This Court is respectfully asked to rule on this matter in favor of

the Doctor for the reasons presented and remand this matter for further proceedings under the proper interpretation of the laws and proper agency jurisdiction.

**PRAYER**

The Doctor respectfully requests that this Court reverse the final judgment and allow the declaratory judgment actions to proceed to resolution including declaratory relief on this matter based upon the failure of the DWC and the DWC Commissioner to assert a proper jurisdictional or legal basis for its allegations, and further that the Doctor has not been shown to have committed any violations and that his two-year license term was successfully and properly renewed within the grace period allowed by the Legislature. The Doctor requests all other relief to which he is entitled.

Respectfully submitted,

/s/Brad McClellan
Bradley Dean McClellan
State Bar No. 13395980
Brad.McClellan@yahoo.com
Board Certified Workers' Compensation Law,
Texas Board of Legal Specialization
Law Office of Brad McClellan
2904 Bowman Avenue
Austin, Texas 78703
512-694-8843 (cell)
512-564-4284 fax

Attorney for Appellant

## **CERTIFICATE OF COMPLIANCE**

I certify that I have 4,715 word count checked by the word program in compliance with the Texas Rules of Appellate Procedure.

/s/ Brad McClellan
Bradley Dean McClellan

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing and attached has been served on the below through their counsel of record by the method indicated below on September 30, 2025.

Lauren McGee
Assistant Attorney General
Office of the Attorney General of Texas
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-3203
Lauren.mcgee@oag.texas.gov
Attorney for Defendants

/s/ Brad McClellan
Bradley Dean McClellan

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bradley McClellan on behalf of Bradley McClellan
Bar No. 13395980
brad.mcclellan@yahoo.com
Envelope ID: 106290034
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant's Reply Brief
Status as of 10/1/2025 7:10 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brad McClellan | | brad.mcclellan@yahoo.com | 10/1/2025 12:03:45 AM | SENT |
| Jennifer Foster | | Jennifer.Foster@oag.texas.gov | 10/1/2025 12:03:45 AM | SENT |
| Lauren McGee | | lauren.mcgee@oag.texas.gov | 10/1/2025 12:03:45 AM | SENT |